'This suit was brought to set aside a deed for land in the state of Kentucky, obtained by the defendants from the plaintiff, by fraud, as it is charged. 'The deed was made to Harris, who lives in Powhatan county-— the other defendant lives in Kentucky. The defendants appeared and ñled a plea in abatement to the jurisdiction of the Court, because the land conveyed as aforesaid lies within the state of Kentucky.
By the Court. The counsel for the defendant has relied upon what he contends to be the true exposition of the statute by which this Court was established, to shew that the legislature did not mean to allow to it jurisdiction in a case like the present. The words of the act are, “After answer filed, and no plea in abatement to the jurisdiction of the Court, no exception for want of jurisdiction shall ever afterwards be made; nor shall the High Court of Chancery, or any other Court ever thereafter, delay or refuse justice, or reverse the proceedings for want of jurisdiction, except ip cases of controversy, respecting lands lying without the jurisdiction of such Court, and also of infants and femes covert.,?(a) It is alleged that one of the cases excepted in the act, being that of lands lying without the jurisdiction of the Court, it therefore has no jurisdiction in the present case. But the Court is of opinion that, by a sound exposition of the act, it cannot be brought to bear upon the question ; because the cases in the exception are not affected by any thing in the act; and, therefore, the law as to these cases stands as it was before it passed. This Court, then, not being1 deprived of jurisdiction in the case before it, by a fair construction of the act, will proceed to examine how far it may have jurisdiction, upon general principles. *In the case of Farley v. Shippen,(a) determined in this Court, in March, 1794, and reported by the venerable sage who then presided, this question arose, whether a Court of Equity in this commonwealth could decree the defendants, who were within its jurisdiction, to convey to the plaintiffs land lying in the state of North-Carolina. The Court then determined that its power was general, over all persons subject to its jurisdiction within the commonwealth, and those acts which, in that case, they might be decreed to perform, must be such as, if performed in North-Carolina, would be effectual; that a deed of bargain and sale executed here, to convey lands there, would be as effectual as if executed there ; that, although the Court could not, in execution of its decree, award a writ of sequestration against the. lands lying in that state, yet it might-award an attachment for contempt in refusing to perform the decree; and that it (was no objection to the jurisdiction of the Court, to say that the defendants, after they had been cited to appear, might remove, so as to prevent the process of attachment from having its effect.
The Court now approving- the principles of that decision, perceive no reason why, if a person living here may be decreed to execute a deed of conveyance for lands lying within another state, such person may not be decreed to cancel a deed obtained here, by fraud, for lands lying in Kentucky, should the case be made out.
The distinction is clearly this ; that where the decree is to affect the lands directly, as in the case of a suit brought, in this Court, to divide lands in another state, there the Court would not have jurisdiction, although the parties live here, because its process could not be effectual; and, in a case like that, an exception to its jurisdiction might be taken on the final hearing of the cause, where the faci should appear upon the face of the proceedings, though no plea to the jurisdiction should have been put in. But where the decree is to affect only the persons of the defendants, in order to a complete execution of it, if the plaintiff succeeds, (which is the present case,) it is clearly held to be the settled law of the Court, that jurisdiction thereof may be entertained. Lord Cranstown v. Johnston,(b) is considered as clear authority on this subject. The plea of the defendants must be overruled, and they must be ordered to answer.

 Rev. Code, vol. 1, ch. 64, sect. 29, p. 66.

 See Wythe's Ohan. Decisions, 135.

 3 Ves. inn. 1 TO, and 5 Ves. inn. *77.